IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **Tammy Lockett, as Beneficiary and Personal Representative of the Estate of Donald Raymond, Sr.** <br> 2000 Carondelet Street <br> New Orleans. LA 70130 <br><br> Plaintiffs. <br> v. <br><br> **E.I. du Pont de Nemours and Company** <br> 1007 Market Street <br> Wilmington, DE 19898 <br><br> **BASF Corporation** <br> 100 Park Avenue <br> Florham Park. NJ 07932 <br><br> **The Sherwin-Williams Company** <br> 101 Prospect Avenue N.W.. <br> Cleveland. OH 44155 <br><br> **PPG Industries, Inc.** <br> 1 PPG PL <br> Pittsburgh. PA 15222 <br><br> **Energy Transfer (R&M), LLC** <br> 3801 West Chest Pike <br> Newtown Square, PA 19073 <br><br> **Ashland, LLC** <br> 50 E. Rivercenter Boulevard <br> **Covington. KY 41012** <br><br> **Univar Solutions USA, Inc.** <br> 680 Elmwood Ave., <br> Sharon Hill, PA 19079 <br><br> **Union Oil Company of California d/b/a Unocal, individually as Successor-in-Interest To American Mineral Spirits Company** <br> P.O. Box 6028 <br> San Ramon, CA 94583 | Case No. |

| | |
|---|---|
| **Shell Oil Company** <br> One Shell Plaza <br> 910 Louisiana Street <br> Houston, TX 77002 <br><br> **Atlantic Richfield Company** <br> 501 Westlake Park Blvd <br> Houston, TX 77079-7036 <br><br> **JOHN DOES 1 - 20,** <br> Defendants | : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendant BASF Corporation ("BASF") by and through its undersigned counsel, hereby remove the above-entitled matter to this Court from the Court of Common Pleas of Philadelphia County, Pennsylvania, where it is currently pending at Case No. 240801938. In support of this removal, BASF states as follows:

### BACKGROUND

1. On August 14, 2024, Plaintiff initiated the action via a "Writ of Summons" and served BASF the Writ of Summons on August 29, 2024.

2. On October 31, 2024, Plaintiff Tammy Locket, as Beneficiary and Personal Representative of the Estate of Donald Raymond, Sr. ("Plaintiff") filed a Complaint in the Court of Common Pleas, Philadelphia County, Pennsylvania (the "Complaint"), docketed as No. 240801938.

3. Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of the Complaint is attached hereto as **Exhibit A**.

4. On October 31, 2024, counsel for BASF downloaded the Complaint via the Philadelphia County Court of Common Pleas website.

5. The remaining documents which have been filed in this action include writs of summons filed in this matter as well as a Rule to File Complaint filed by Defendant Ashland, LLC and related Stipulation. A true and correct copy of the Philadelphia Court of Common Pleas docket is attached hereto as **Exhibit B**.

6. The Complaint is the initial pleading in which Plaintiff sets forth her claims. In the Complaint, Plaintiff asserts causes of action for Negligence & Gross Negligence (Count I), Breach of Implied Warranty (Count II), Strict Liability (Count III), Fraud (Count IV), Wrongful Death (Count V), and Survival Act (Count VI).

7. The Complaint alleges that decedent Donald Raymond developed lung cancer as result of his work as an automotive painter and his exposure to "hexavalent chromium-containing products" allegedly manufactured and/or distributed by the named Defendants in this action.

8. The Complaint also names the following additional defendants: E.I. du Pont de Nemours and Company; The Sherwin-Williams Company; PPG Industries, Inc.; Energy Transfer (R&M), LLC; Ashland, LLC; Univar Solutions USA, Inc.; Union Oil Company of California d/b/a Unocal, individual as Successor-in-Interest To American Mineral Spirits Company; Shell Oil Company; Atlantic Richfield Company; and John Does 1-20 (collectively, with BASF, the "Defendants").

**REMOVAL IS PROPER UNDER 28 U.S.C. §§ 1332, 1441 and 1446**

9. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because there is complete diversity of citizenship between Plaintiff and Defendants. The amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

10. Plaintiff Tammy Locket, as Beneficiary and Personal Representative of the Estate of Donald Raymond, Sr. is a natural person and is a citizen of Louisiana.

11. For diversity purposes, a corporation is deemed a citizen of its state of incorporation and of the state where it has its principal place of business. 28 U.S.C. § 1332(c).

12. A corporation's principal place of business is the place where its officers direct, control, and coordinate the corporation's activities. *Hertz Corp. v. Friend*, 599 U.S. 77, 92-93 (2010). Typically, it is where the corporation maintains its headquarters, i.e., the corporation's "nerve center." *Id.*

13. Defendant BASF is organized under the laws of the state of Delaware with its principal place of business at 100 Park Avenue Florham Park. NJ 07932. Therefore, BASF is a citizen of Delaware and New Jersey for diversity of jurisdiction purposes.

14. Based on information and belief, Defendant E.I. du Pont de Nemours and Company is organized under the laws of Delaware with its principal place of business at 1007 Market Street Wilmington, DE 19898. Therefore, E.I. du Pont de Nemours and Company is a citizen of Delaware for diversity of jurisdiction purposes.

15. Based on information and belief, Defendant The Sherwin-Williams Company is organized under the laws of Ohio with its principal place of business at 101 Prospect Avenue N.W., Cleveland Ohio 44155. Therefore, The Sherwin-Williams Company is a citizen of Ohio for diversity of jurisdiction purposes.

16. Based on information and belief, Defendant PPG Industries, Inc. is organized under the laws of Pennsylvania with its principal place of business at 1 PPG PL Pittsburgh, PA 15222. Therefore, PPG Industries, Inc. is a citizen of Pennsylvania for diversity of jurisdiction purposes. To date, the docket in the action does not indicate that Plaintiff has served Defendant PPG Industries, Inc. with a Writ of Summons or the Complaint. *See* Ex. B.

17.     Based on information and belief, Defendant Energy Transfer (R&M), LLC is organized under the laws of Pennsylvania with its principal place of business at 3801 West Chest Pike Newtown Square, PA 19073.  Defendant Energy Transfer (R&M), LLC is a wholly owned subsidiary of ETC Sunoco Holdings LLC f/k/a Sunoco, Inc., which, in turn, is a wholly-owned , indirect subsidiary of Energy Transfer LP, a Delaware Corporation headquartered in Dallas Texas.  Therefore, Energy Transfer (R&M), LLC is a citizen of Pennsylvania, Delaware, and Texas for diversity of jurisdiction purposes.  To date, the docket in the action does not indicate that Plaintiff has served Defendant PPG Industries, Inc. with the Complaint.  *See* Ex. B.

18.     Based on information and belief, Defendant Ashland, LLC (now known as "Ashland Inc.") is organized under the laws of Kentucky with its principal place of business at 50 E. Rivercenter Boulevard Covington, KY 41012.  Therefore, Ashland, LLC is a citizen of Kentucky and for diversity of jurisdiction purposes.

19.     Based on information and belief, Defendant Univar Solutions USA, Inc. is a Delaware Corporation with its principal place of business at 680 Elmwood Ave., Sharon Hill, PA 19079.  Therefore, Univar Solutions USA, Inc.  is a citizen of Delaware and Pennsylvania for diversity of jurisdiction purposes.  To date, the docket in the action does not indicate that Plaintiff has served Defendant PPG Industries, Inc. with a Writ of Summons or the Complaint.  *See* Ex. B.

20.     Based on information and belief, Defendant Union Oil Company of California d/b/a Unocal, individually as Successor-in-Interest to American Mineral Spirits Company is organized under the laws of California with its principal place of business at 6001 Bollinger Canyon Road, San Ramon, California 94583.  Therefore, Union Oil Company of California d/b/a Unocal, individually as Successor-in-Interest to American Mineral Spirits Company, is a citizen of California for diversity of jurisdiction purposes.

21. Based on information and belief, Defendant Shell Oil Company is organized under the laws of Delaware with its principal place of business at One Shell Plaza 910 Louisiana Street Houston, Texas 77002. Therefore, Shell Oil Company is a citizen of Delaware and Texas for diversity of jurisdiction purposes.

22. Based on information and belief, Defendant Atlantic Richfield Company is organized under the laws of California with its principal place of business at 501 Westlake Park Blvd Houston, Texas 77079-7036. Therefore, Atlantic Richfield Company is a citizen of California and Texas for diversity of jurisdiction purposes.

23. Defendants John Does 1-20 are fictitious persons and/or entities and should be disregarded for the purposes of Section 1332 removal under 28 U.S.C. § 1441(b)(1).

## ALL OTHER REMOVAL REQUIREMENTS ARE SATISFIED

24. Plaintiff claims that the "Amount in Controversy" is more than $50,000. *See* Complaint, at page 44. Courts in this district and around the country routinely hold that cases involving alleged "serious and permanent" physical injuries, just like those alleged here, satisfy the amount in controversy requirement. *See, e.g.*, *Brent v. First Student, Inc.*, 2020 U.S. Dist. LEXIS 88551, *6–7, 2020 WL 2570355 (E.D. Pa. May 20, 2020) ("Allegations of serious and permanent physical injuries resulting in 'loss of earnings and impairment of earning capacity and medical costs' are sufficient to establish that the jurisdictional minimum is met."); *Toan Nyugen v. Titus*, 2007 U.S. Dist. LEXIS 63731, *10, 2007 WL 2461815 (E.D. Pa. Aug. 29, 2007) (holding that the amount-in-controversy requirement was satisfied because a jury, if it found liability "would not be unreasonable in awarding Plaintiff damages exceeding $ 75,000 if it credited Plaintiff's claims of physical injury and the resulting pain and anguish that has plagued him for the last two-and-a-half years as a result of the accident"); *see also Garcia v. Owens-Brockway*

*Glass Container Inc.*, No. LA CV16-01889 JAK (RAOx), 2016 WL 9275451, at *3 (C.D. Cal. June 30, 2016) (complaint seeking compensatory damages and damages for pain and suffering related to "severe injuries" is sufficient to demonstrate amount in controversy greater than $75,000) (gathering cases).

25. A Notice of Removal must be filed within 30 days of the defendant's receipt of the initial pleading. 28 U.S.C. § 1446(b).

26. Because Plaintiff never served BASF with the Complaint, this removal is timely pursuant to 28 U.S.C. § 1446(b).

27. In cases involving multiple defendants, "all defendants who have been properly joined *and served* must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A) (emphasis added).

28. Plaintiff has not yet served any of the named defendants in this matter; therefore, the consent of the co-defendants is not required to remove. *See* Ex. B.

29. In addition, "[a] civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined *and served* as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2) (emphasis added).

30. None of the forum Defendants (PPG Industries, Inc., Energy Transfer (R&M), LLC, and Univar Solutions USA, Inc.) have been properly served. *See* Ex. B. Accordingly, their citizenship is not a bar to removal. *See Encompass Ins. Co. v. Stone Mansion Restaurant, Inc.*, 902 F.3d 147, 152 (3rd Cir. 2018) (the "plain meaning [of the forum defendant rule] precludes removal on the basis of in-state citizenship *only* when the defendant has been properly joined and served") (emphasis added); *McLaughlin v. Bayer Essure, Inc.*, 2019 U.S. Dist. LEXIS 88213, at

*9 (E.D. Pa. May 24, 2019) ("in a situation in which a plaintiff has not properly served the forum defendant(s), a defendant may remove the case to federal court without violating the Forum Defendant Rule").

31. Because there is complete diversity of citizenship and the amount-in-controversy requirement is satisfied, this Court has Jurisdiction.

## **PROCEDURAL REQUIREMENTS**

32. In accordance with the provisions of 28 U.S.C. § 1441, et seq., the Notice of Removal is being filed in the United States District Court for the Eastern District of Pennsylvania, which is the judicial district in which the action is pending.

33. Venue is proper in this Court because it is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

34. Pursuant to 28 U.S.C. § 1446(d), BASF will promptly serve a copy of this Removal on Plaintiff's counsel, and file a copy with the Clerk of the court for the state court.

35. By removing this action, BASF does not admit any of the allegations in the Complaint. Indeed, BASF expressly denies all claims, liability, and damages asserted in the Complaint.

36. This removal is made without waiver of any defenses or affirmative defenses, including those provided under Federal Rule of Civil Procedure 12, or BASF's right to move for dismissal, on substantive or procedural grounds, of any cause of action asserted in the Complaint.

**WHEREFORE**, Defendant BASF hereby removes this case to the United States District Court for he Eastern District of Pennsylvania, respectfully requests that no further proceedings be had in the Pennsylvania Court of Common Pleas, Philadelphia County, and requests such other and further relief as the Court deems just and proper

**REED SMITH LLP**

By:  /s/ *Joshua M. Peles*
Joshua M. Peles, Esq.
Christopher D. Molony
Reed Smith LLP
Three Logan Square
1717 Arch Street, Suite 3100
Philadelphia, PA 19103
(215) 851-8100
jpeles@reedsmith.com
cmolony@reedsmith.com

Date:  November 1, 2024   *Counsel for Defendant BASF Corporation*

## CERTIFICATE OF SERVICE

I, Joshua M. Peles, hereby certify that on November 1, 2024, I caused a true and correct copy of the foregoing Notice of Removal was electronically filed and is available for viewing and downloading from the ECF system. I also caused the foregoing Notice of Removal to be served upon all parties on November 1, 2024 via certified mail.


Dated:  November 1, 2024                              /s/ *Joshua M. Peles*
                                                                            Joshua M. Peles