IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TAMMY LOCKETT, as Beneficiary and Personal Representative of the Estate of Donald Raymond, Sr.<br><br>     Plaintiffs.<br><br>v.<br><br>E.I. DU PONT DE NEMOURS AND COMPANY, et al.<br><br>     Defendants. | Civil Action No.: 2:24-cv-05876-TJS<br><br>**DEFENDANT ASHLAND INC.'S MOTION TO DISMISS** |

  Pursuant to Rule 12(b) of the Federal Rules of Civil Procedure and Rule 7.1 of this Court's Local Rules, defendant Ashland Inc., f/k/a Ashland LLC, respectfully moves this court for an order dismissing plaintiff Tammy Lockett's complaint with prejudice for lack of personal jurisdiction. As more fully set forth in the accompanying memorandum of law, Plaintiff has failed to carry her burden of establishing, with reasonable particularity, facts that justify the assertion of personal jurisdiction over Ashland. Neither general nor specific personal jurisdiction is proper.

  It is undisputed that Ashland is not incorporated in Pennsylvania and does not have its principal place of business here. It is therefore not "at home" in Pennsylvania, as Plaintiff does not even attempt to set forth facts showing that this amounts to the exceptional case where general jurisdiction based on a foreign defendant's "continuous and systematic" contacts with the forum is proper.

  Nor is general jurisdiction proper based on the citizenship of Ashland's "unit-holders," as Plaintiff alleges. Not only is Ashland a corporation and not a limited liability company, but even if it were a limited liability company, such a company is not considered to be "at home" in every

state in which one of its members resides. Rather, the same rule as applies to corporations—that, absent exceptional circumstances, they are only "at home" in their place of incorporation and the place where they have their principal places of business—applies with equal force to limited liability companies.

Plaintiff is expected to rely on *Mallory v. Norfolk Southern Railway Co.*, 600 U.S. 122 (2023) to argue that the constitutionality of general jurisdiction based on Ashland's registration is settled. It is not. *Mallory* addressed only one narrow constitutional argument, expressly leaving open the question of whether registration-based jurisdiction runs afoul of the Commerce Clause of Article I to the United States Constitution. As demonstrated in the accompanying memorandum of law, it does indeed. It also runs afoul of the unconstitutional conditions doctrine as well as the Due Process Clause's protections of interstate federalism.

Finally, Plaintiff fails to allege any facts to show that Ashland purposefully availed itself of the privileges of doing business in Pennsylvania, or that the decedent's injuries arise from or relate to Ashland's contacts with the forum. Accordingly, she fails to establish that specific jurisdiction over Ashland withstands constitutional scrutiny.

Notably, as one Pennsylvania court has already found in an indistinguishable case, Plaintiff *cannot* demonstrate that Plaintiff's decedent ever encountered an Ashland product (or a product that incorporated an Ashland product)—let alone that he encountered any such product with any meaningful ties to Pennsylvania.

Ashland therefore respectfully requests that this court enter an order dismissing Plaintiff's complaint with prejudice for lack of personal jurisdiction.

Dated: November 21, 2024    By:    /s/ *Steven M. Lucks*
Steven M. Lucks
Andrew P. Fishkin
FISHKIN LUCKS LLP
One Gateway Center, Suite 1150
Newark, NJ 07102
(973) 536-2800
slucks@fishkinlucks.com
afishkin@fishkinlucks.com
*Attorneys for Defendant Ashland Inc.*

Matthew C. Cairone
Nicolai A. Schurko
FISHKIN LUCKS LLP
1900 Market Street
8th Floor
Philadelphia, PA 19103
(267) 627-1234
mcairone@fishkinlucks.com
nschurko@fishkinlucks.com
*Attorneys for Defendant Ashland Inc.*

**CERTIFICATE OF SERVICE**

  I, Steven M. Lucks, hereby certify that on November 21, 2024, a true and correct copy of the foregoing Motion to Dismiss was electronically filed and is available for viewing and downloading from the ECF system.

/s/ *Steven M. Lucks*
Steven M. Lucks
