Exhibit
4

CLIFFORD E. KNIGHT and
KATIE KNIGHT,

     *Plaintiffs,*

v.

SUNOCO, LLC (R&M), et al.,

     *Defendants.*

COURT OF COMMON PLEAS
PHILADELPHIA COUNTY

AUGUST TERM, 2022

NO. 00385

Filed and Attested by the
Office of Judicial Records
SEP 2022 11:39 pm
E. HADRIN

## <u>ORDER</u>

AND NOW, this ____ day of _____, 2022, upon consideration of the Preliminary Objections of defendant Ashland LLC ("Ashland") to Plaintiffs' Complaint, and any opposition thereto, it is hereby ORDERED and DECREED that Ashland's Preliminary Objections are SUSTAINED as follows: Plaintiffs' Complaint against Ashland, and all claims and cross-claims interposed against Ashland, are hereby DISMISSED with prejudice for lack of personal jurisdiction.

BY THE COURT:



                             , J.

220800385-Knight Etal Vs Sunoco, Llc (R

22080038500221

## IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY
## TRIAL DIVISION – CIVIL SECTION

KNIGHT, et al.                                    :        CASE ID. NO.: 220800385
                                                  :
          v.                                      :
                                                  :        CONTROL NO.: 22091369
SUNOCO, LLC., et al.                              :

### OPINION

Plaintiff argues that this court can assert general jurisdiction over Ashland, a foreign corporation, because Ashland registered to do business in Pennsylvania. Plaintiff further argues that this court can assert specific jurisdiction over Ashland because Ashland purposefully availed itself of the benefits and protection of Pennsylvania's jurisdiction and that plaintiffs' causes of action arise out of or relate to defendant's contacts with Pennsylvania.

This Court agrees with Ashland that the Pennsylvania Supreme Court in *Mallory v. Norfolk Southern Railway Co.*, 266 A.3d 542 (Pa. 2021)[1] rejects that this Court may exercise general jurisdiction over a foreign corporation who is not "at home" in Pennsylvania. Further, a foreign corporation's registration under the statutory scheme existing here, does not consent to general jurisdiction of this Court. This Court does not believe that there is any relevant distinction between the facts here or in *Mallory* because the registration was not voluntary.

This Court further rejects Plaintiff's argument that this Court may assert general jurisdiction under 42 Pa. C.S. § 5301(a)(2)(iii) because there are insufficient facts before this Court to conclude that Ashland engaged in continuous and systematic general business within this Commonwealth such that Ashland could be deemed "at home" in Pennsylvania.

---

[1] On April 25, 2022, the United States Supreme Court granted certiorari in *Mallory v. Norfolk Southern Railway Co.*, 266 A.3d 542 (Pa. 2021). *See* 142 S. Ct. 2646 (2022). As of this writing the Supreme Court has not yet issued a ruling. Should the Court's ruling alter the general jurisdiction jurisprudence, any party may file a motion for reconsideration.

Lastly, this Court rejects Plaintiffs' claim that specific jurisdiction exists over Ashland because this Court finds no factual support for the contention that Plaintiff's cause of action has the requisite connection to Ashland contacts with Pennsylvania.  Plaintiff contends that the evidence, drawn most favorably to them, shows that Ashland manufactured and distributed brake cleaner, carburetor cleaner products, and benzene containing mineral spirits and solvents that were then used in Pennsylvania in the Safety-Kleen parts-washing machines and parts-washing solvents.  CRC is headquartered in Warminster, Bucks County, Pennsylvania. Plaintiff contends that CRC relied upon Ashland's information in order to prepare MSDS warnings, which in turn were relied upon by the end user in Florida.  Ashland also had a warehouse in Freedom, Pennsylvania that was used to receive shipments of industrial and specialty chemicals and solvents for distribution. Ashland also operates a terminal in Pittsburgh, Pennsylvania for distribution of its chemical products.  Plaintiff then argues that Ashland's status a bulk supplier of chemicals to CRC and the attendant responsibility to provide hazard warnings that will ultimately be used by the end consumer, are sufficient averments that their claim "relates to" Ashland's contacts in Pennsylvania, citing *Ford Motor Co. v. Montana Eighth Jud. Dist. Ct.*, 141 S. Ct. 1017, 1026 (2021) (emphasis added).

This Court rejects Plaintiff's claims that this litigation has a close relation to Ashland's activities within Pennsylvania where there is no evidence that Plaintiff ever read any warning, used any product or was ever exposed to any benzene in Pennsylvania, nor is there any evidence that Plaintiff was exposed to a specific product, or batch of products, manufactured in Pennsylvania that contained Ashland chemicals. Rather the relation between Plaintiff's claims and Ashland's contacts in Pennsylvania are too attenuated to meet the specific jurisdiction

analysis set forth in *Ford Motor Company* or *Hammons v. Ethicon*, 190 A.3d 1248 (Pa. 2018). Simply because Ashland had a connection to this forum state, does not mean that an an out-of-state plaintiff alleging out-of-state exposures can meet the personal jurisdiction analysis under the Due Process Clause, as last clarified in *Ford Motor Company.*

Rather "the 'essential foundation' of specific jurisdiction" is "a strong 'relationship among the defendant, the forum, *and the litigation.*" *Ford*, 141 S. Ct. at 1028 (quoting *Helicopteros*, 466 U.S. at 414) (emphasis added). Mere assertions of a defendant's "doing business" in a forum is insufficient to assert jurisdiction under *Bristol-Myers Squibb Co. v. Superior Ct. of California*, 582 U.S. 255, 264 (2017). Moreover, asserting personal jurisdiction under the facts as existing here would not "comports with 'fair play and substantial justice.'" *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476 (1985)) given that the injury did not occur here, most of the defendants are not Pennsylvania residents, and Pennsylvania has no significant interest in adjudicating this dispute between nonresident plaintiffs and a nonresident defendant.

BY THE COURT:

_____ J.