Exhibit
5

CLIFFORD E. KNIGHT and
KATIE KNIGHT,

        *Plaintiffs,*

v.

SUNOCO, LLC (R&M), et al.,

        *Defendants.*

COURT OF COMMON PLEAS
PHILADELPHIA COUNTY

AUGUST TERM, 2022

NO. 00385

Filed and Attested by the
Office of Judicial Records
19 AUG 2022 05:59 pm
S. IMPERATO

## ORDER

AND NOW, this 19 day of June , 2022, upon consideration of the
Preliminary Objections of defendant Union Oil Company of California ("Union Oil") to Plaintiffs'
Complaint, and any opposition thereto, it is hereby ORDERED and DECREED that Union Oil's
Preliminary Objections are SUSTAINED as follows: Plaintiffs' Complaint against Union Oil, and
all claims and cross-claims interposed against Union Oil, are hereby DISMISSED with prejudice
for lack of personal jurisdiction.

BY THE COURT:

_____, J.


Case ID: 220800385
Control No.: 22085437

**IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY**
**TRIAL DIVISION – CIVIL SECTION**

KNIGHT, et al.                          :          **CASE ID. NO.: 220800385**
                                        :
              v.                        :
                                        :          **CONTROL NO.: 22085437**
SUNOCO, LLC., et al.                    :

### OPINION

Plaintiff argues that this court can assert general jurisdiction over Union Oil, a foreign corporation, because Union Oil registered to do business in Pennsylvania.[1] Plaintiff further argues that this court can assert specific jurisdiction over Union Oil because Union Oil purposefully availed itself of the benefits and protection of Pennsylvania's jurisdiction and that plaintiffs' causes of action arise out of or relate to defendant's contacts with Pennsylvania.

In support of its contention that the Plaintiff's cause of action relates to Union Oil's contacts in Pennsylvania, Plaintiff states that at the Union Oil sold solvents to CRC in Warrington and mineral spirits to Safety-Klenn in Erie  and that these benzene-containing products were then shipped to Florida where plaintiff was exposed to such finished product.

This Court agrees with Union Oil that the Pennsylvania Supreme Court in *Mallory v. Norfolk Southern Railway Co.*, 266 A.3d 542 (Pa. 2021)[2] rejects that this Court may exercise general jurisdiction over a foreign corporation who is not "at home" in Pennsylvania.  Further, a

---

[1] Once the moving party supports its objections to personal jurisdiction, the burden of proving personal jurisdiction is upon the party asserting it. *N.T. ex rel. K.R.T. v. F.F.*, 118 A.3d 1130, 1134 (Pa. Super. 2015); *Gaboury v. Gaboury*, 988 A.2d 672, 675 (Pa. Super. 2009); *Calabro v. Socolofsky*, 206 A.3d 501, 505 (Pa. Super. 2019) (quoting *Sulkava v. Glaston Finland Oy*, 54 A.3d 884, 889 (Pa. Super. 2012)); *McCall v. Formu–3 International, Inc.*, 650 A.2d 903, 904 (Pa. Super. 1994); *Derman v. Wilair Services, Inc.*, 590 A.2d 317, 319 (Pa. Super. 1991).

[2] On April 25, 2022, the United States Supreme Court granted certiorari in *Mallory v. Norfolk Southern Railway Co.*, 266 A.3d 542 (Pa. 2021). *See* 142 S. Ct. 2646 (2022). As of this writing the Supreme Court has not yet issued a ruling.  Should the Court's ruling alter the general jurisdiction jurisprudence, any party may file a motion for reconsideration.

foreign corporation's registration under the statutory scheme existing here, does not consent to general jurisdiction of this Court. This Court does not believe that there is any relevant distinction between the facts here or in *Mallory* because the registration was not voluntary.

This Court further rejects Plaintiff's argument that this Court may assert general jurisdiction under 42 Pa. C.S. § 5301(a)(2)(iii) because there are insufficient facts before this Court to conclude that Union Oil engaged in continuous and systematic general business within this Commonwealth such that Union Oil could be deemed "at home" in Pennsylvania.

Lastly, this Court rejects Plaintiffs' claim that specific jurisdiction exists over Union Oil. While Union Oil may have sold chemicals to Pennsylvania companies, who then may have re-sold those products in Florida, which may have been used by Plaintiff's employer in Florida does not meet any level of certainty that Plaintiff's exposure to benzene in Florida from 1968 through 2020 was connected in any specific way to Union Oil's Pennsylvania contacts.[3]

BY THE COURT:

_____
                                                        J.

---

[3] This Court agrees with Union Oil that the Exhibits submitted show shipments of solvents from Sunoco entities to the Morrisville distribution center but do not indicate what happened to any of these shipments after being sent and do not establish that these chemicals ultimately were included in any particular product that made its way to Florida.